IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                            No. 3:07mj296

ASHLEY A. FLOWERS

_____

ORDER DENYING MOTION TO SUPPRESS

An evidentiary hearing was held on plaintiff's motion to suppress. The court makes the following findings of fact.

1. Defendant was stopped while operating a motor vehicle at the west gate of Eglin Air Force Base. Defendant was unable to locate her military ID card. Before she stopped, defendant was seen to make an unusual lane change as she approached the gate.

2. Eglin Air Force Base is a closed, high security installation of the United States Air Force, a fact clearly marked by signs, fencing, and gates, and known to defendant, who resided there.

3. There was a strong odor of alcohol coming from the vehicle.

4. Because defendant could not find her ID card, she was directed to the visitors center, where she parked illegally in a clearly marked handicapped parking space. The lot was otherwise empty and was well lighted. The handicapped parking space where defendant parked was not the closest space to the entrance of the visitors center.

5. Law enforcement detected the odor of alcohol on defendant's breath. She staggered as she entered the visitor center. Her eyes were bloodshot and glassy.

6. Defendant's passenger, whom defendant was sponsoring, and who also could not find her ID, acted aggressively, claiming that her husband had high rank. She was "out of control," staggering, and was obviously intoxicated.

       At no time did defendant indicate that she was abandoning her passenger so that she could enter the base after finding her (defendant's) ID card.

7. A law enforcement officer administered appropriate field sobriety tasks (FSTs) on defendant, after consent (defendant was a 27 year old married woman), which defendant failed.

8. Defendant was taken to the Security Forces office and, after consent, was administered an intoxilyzer test, which she failed, with readings of .229 and .228.

9. The Intoxilyzer 8000 used in the test was properly certified, was properly maintained, and was in good working order when the test was administered.

Based on the foregoing findings of fact, the court makes the following conclusions of law.

1. Law enforcement on Eglin Air Force Base had the right to stop and search any vehicle or person on the base, at any time, without probable cause. *United States v. Jenkins*, 986 F.2d 76 (4th Cir. 1993); *United States v. Ellis*, 547 F.2d 863 (5th Cir. 1977).[1]

2. Law enforcement had probable cause, given the totality of the circumstances, to administer FSTs.

3. Defendant's failing the FSTs bolstered law enforcement's probable cause to administer an intoxilyzer test.

## CONCLUSION

The totality of the circumstances justified administration of the FSTs and the intoxilyzer test, and defendant's motion to suppress should be denied.

Accordingly, it is ORDERED that defendant's motion to suppress (doc. 5) is DENIED.

DONE AND ORDERED at Pensacola, Florida this 15th day of February, 2008.

/s/ *Miles Davis*
    MILES DAVIS
    UNITED STATES MAGISTRATE JUDGE

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).